IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHASE BRIAN MEAD,<br><br>Defendant. | Case No. CR14-0019<br><br>ORDER FOR PRETRIAL DETENTION |

On the 12th day of February, 2014, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Anthony Morfitt. The Defendant appeared personally and was represented by his attorney, Raphael M. Scheetz.

## I. RELEVANT FACTS AND PROCEEDINGS

On February 5, 2014, Defendant Chase Brian Mead was charged by Indictment (docket number 2) with possession of firearms and ammunition by a felon and unlawful user of methamphetamine and marijuana (Count 1), possession of stolen firearms (Count 2), and manufacture and attempt to manufacture methamphetamine (Count 3). At the arraignment on February 10, 2014, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on April 14, 2014.

Sergeant David Beuter of the Linn County Sheriff's Office testified regarding the circumstances underlying the instant charge. On June 14, 2013, Detective Colston of the sheriff's office went to Defendant's residence to speak with him regarding a burglary. Defendant was in the backyard and, at Colston's request, gave consent to search the garage. Colston saw a green backpack on the floor of the garage and asked for consent

to look in the bag, but Defendant refused. According to Beuter, Colston opined that Defendant "acted nervous" around the bag. When Sergeant Beuter and a third deputy arrived on the scene, Defendant was placed under arrest. Marijuana and methamphetamine were found on his person.

The three deputies then went to the sheriff's office to work on an application for search warrant. Sergeant Beuter returned to the residence and observed a female — later identified as Heidi Stevens — in the yard near the garage. Beuter observed Stevens entering and exiting Defendant's residence, and saw her go to the neighbor's backyard and garage area. Beuter also observed that the walk-through door to Defendant's garage, which was partially open when officers were there the first time, had now been padlocked.

After the search warrant was obtained, officers searched the house and garage. Two loaded handguns were located in a locked cabinet in the garage. Officers also found ammunition, as described in Count 1 of the Indictment. Also found in the garage were two containers with camping fuel, with methamphetamine suspended in the liquid. In an upstairs bedroom in the house, officers found a soft-side cooler containing Sudafed tablets, baggies with crushed-up Sudafed, and pipes for smoking controlled substances.

The green backpack which had been seen earlier in Defendant's garage was found in the neighbor's backyard. It contained a two-liter bottle which, according to Sergeant Beuter, appeared to be a "one pot method" meth lab. A detectable amount of methamphetamine was found in the bottle. Other items consistent with the manufacture of methamphetamine, including a scale, were also found in the backpack.

While the search was ongoing, the neighbor advised officers that Heidi Stevens had called him and said there was a guitar case placed in his garage. According to the neighbor, however, the garage was locked. Officers located a black bow case and another black bag under a blue tarp next to the garage. Inside the black bow case were four long

guns and two antique guns. The four guns, as set forth in Count 2 of the Indictment, were determined to be stolen.

Defendant is 31 years old. He was born in Cedar Rapids and has lived here his entire life. Defendant has never been married, but has three children (ages 5, 3, and 1) from a current relationship and two children (ages 5 and 3) from a previous relationship. Prior to his arrest, Defendant was living with the mother of three of his children at a house in Cedar Rapids owned by Defendant's mother.

For the past three weeks, Defendant has been employed as a cook at Wendy's. According to the pretrial services report, Defendant "reported no other employment history." Defendant was diagnosed with emphysema last summer and takes medication. According to Defendant, he has been treated for "temper disorder and anxiety" since he was a child, meeting with a therapist once a month. He has been prescribed medication for those conditions but, according to Defendant, "they have never been effective." Defendant admitted that he has "self-medicated" with marijuana and methamphetamine on a daily basis since he was a teenager.

In March 2001, at age 18, Defendant was arrested and subsequently convicted of possession of a controlled substance (marijuana), second offense. In September 2001 he was arrested and later convicted of possession of a controlled substance.

In September 2002, Defendant was charged in Linn County with forgery. He was sentenced on November 22, 2002. On November 25, 2002, Defendant was charged with forgery in Black Hawk County. While the Black Hawk County charge was pending, Defendant was charged and later convicted of interference with official acts and driving while suspended. In March 2003, Defendant received a five-year suspended prison term on the forgery charge.

In January 2004, while on probation on the forgery charge, Defendant was charged and later convicted of possession of a controlled substance, second offense. In February

2004, Defendant was found in violation of his probation, sentenced to 90 days in jail, and required to reside at a residential facility for one year. In May 2005, Defendant was charged and later convicted of voluntary absence and interference with official acts in Linn County. He was also found in violation of his probation in Black Hawk County and sentenced to 25 days in jail. On August 31, 2005, Defendant's probation was revoked and he was sent to prison. Defendant was discharged on August 19, 2006.

In February 2007, Defendant was convicted of possession of drug paraphernalia and driving while suspended. In January 2008, Defendant was convicted of trespass. In May 2008, Defendant was charged with a "controlled substance violation" in Benton County. While that charge was pending, Defendant was charged and later convicted in Linn County of forgery. In October 2008, Defendant received a suspended 25-year prison term on the drug charge and was placed on probation for 3 years. Defendant successfully completed his probation on August 25, 2011.

In May 2013, Defendant was charged in Linn County with multiple drug offenses. In June 2013, Defendant was charged with possession of a controlled substance, third or subsequent offense, and multiple theft charges arising from the events which gives rise to the instant federal charge. On October 22, 2013, Defendant received four suspended five-year prison terms and two thirty-day jail terms on the June drug and theft charges. The May 2013 drug charges were dismissed.

It is the Court's understanding that Defendant was in custody from the time of his arrest on June 14, 2013 until he was sentenced in state court on October 22, 2013. As a condition of his probation, Defendant was placed in drug court, which requires him to attend three group meetings each week and meet with a therapist and his probation officer. In December 2013, Defendant was found in contempt and sentenced to two days in jail, although the nature of the contempt is unknown to the Court. In January 2014, the

Defendant submitted a urine specimen that tested positive for K-2, and he was sentenced to seven days in jail.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

5

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified

offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with possession of firearms and ammunition by a felon and unlawful user of methamphetamine and marijuana, possession of stolen firearms, and manufacture and attempt to manufacture methamphetamine. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C) and (E).

Because there is probable cause to believe Defendant knowingly and intentionally manufactured and attempted to manufacture a mixture containing methamphetamine (Count 3), there is a rebuttable presumption that he should be detained pending the trial. The weight of the evidence is strong. It is apparently undisputed that Defendant is a convicted felon, and when he was arrested he had methamphetamine and marijuana on his person. Firearms were found in the garage on the property occupied by Defendant. The firearms found nearby were stolen. The backpack initially seen in Defendant's garage, which had been moved by the time the search warrant was executed, contained items consistent with the manufacture of methamphetamine.

Defendant has a long criminal history, dating back to age 18. By the Court's count, Defendant has been convicted of six drug offenses, numerous counts of theft, three forgeries, interference with official acts twice, and voluntary absence. Many of the offenses occurred while Defendant had other charges pending or was on probation. Most recently, Defendant violated the terms of his supervision on at least two occasions since being released from jail on October 22, 2013. The Court has no confidence that Defendant would comply with any terms or conditions which it may impose for the Defendant's release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (February 10, 2014) to the filing of this Ruling (February 13, 2014) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 13th day of February, 2014.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA